IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONATO ARDELLINI, an individual; and ARDELLINI HOLDINGS INC., a Canadian corporation;<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HOCKEY GROUP, LLC, a Minnesota limited liability company; and MIKE PICOZZI, an individual;<br><br>Defendants. | 8:23CV357<br><br>**THIRD AMENDED FINAL PROGRESSION ORDER** |

    This matter is before the court on the Parties' Joint Motion to Amend the Final Progression Order. (Filing No. 56). That motion is granted.

    Accordingly,

    IT IS ORDERED that the final progression order is as follows:

1) The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **May 2, 2025** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 48).

2) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the plaintiff(s):    March 17, 2025.

        For the defendant(s):    June 30, 2025.

3)  The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   For the plaintiff(s):   June 9, 2025.

   For the defendant(s):   August 1, 2025.

4)  The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is August 22, 2025.

5)  The deadline for filing motions to dismiss and motions for summary judgment is September 26, 2025.

6)  The deadline for filing motions to exclude testimony on *Daubert* and related grounds is September 5, 2025.

7)  Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

8)  The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

9)  All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 17th day of April, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.